1   Cynthia L. Alexander, Esq.
    Nevada Bar No. 6718
2   Andrew Sedlock, Esq.
    Nevada Bar No. 9183
3   SNELL & WILMER L.L.P.
    3883 Howard Hughes Parkway, Suite 1100
4   Las Vegas, NV  89169
5   Telephone: (702) 784-5200
    Facsimile:  (702) 784-5252
6
7   *Attorneys for Defendant Wells Fargo Bank, N.A.*

8                  IN THE UNITED STATES DISTRICT COURT

9                          DISTRICT OF NEVADA

10

11  EDWARD DEMARCO, an individual;
    MARIJA LOURDES DEMARCO, an          CASE NO. 2:09-cv-02305-JCM-LRL
12  individual;

13              Plaintiffs,

14  vs.                                 **DEFENDANT WELLS FARGO BANK,
                                        N.A.'S REPLY IN SUPPORT OF
15  WELLS FARGO BANK, N.A.;             MOTION TO DISMISS PLAINTIFFS'
    NATIONAL DEFAULT SERVICING          COMPLAINT**
16  CORPORATION; DOE Defendants I
    through X, inclusive; and ROE
17  CORPORATIONS A through Z, inclusive,

18              Defendants.

19

20       COMES NOW Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), by

21  and through its counsel, the law firm of Snell & Wilmer L.L.P., and hereby files its Reply in

22  support of Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to FRCP

23  12(b)(6).

24  ///

25  ///

26  ///

27  ///

28  ///

- 1 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1    This Reply is based on the Memorandum of Points and Authorities herein, Plaintiffs'

2 complaint on file with this Court (the "Complaint"), Plaintiffs' Opposition, and any oral argument

3 that this Court may entertain.

4    Dated: January 15, 2010.

5                                                  SNELL & WILMER L.L.P.

6

7                                        By:    /s/ Andrew D. Sedlock
                                                Cynthia A. LeVasseur, Esq.
8                                               Andrew D. Sedlock, Esq.
                                                3883 Howard Hughes Parkway
9                                               Suite 1100
                                                Las Vegas, NV 89169
10
                                         *Attorneys for Defendant Wells Fargo Bank, N.A.*
11

12                    **MEMORANDUM OF POINTS AND AUTHORITIES**

13   **I.    INTRODUCTION**

14    The legal and factual deficiencies in Plaintiffs' Complaint are laid bare in Plaintiffs'

15 Opposition to Wells Fargo's Motion to Dismiss.  As this Court found during the December 18,

16 2009 hearing on Plaintiffs' Emergency Motion for Preliminary Injunction, Plaintiffs are unlikely

17 to succeed on the merits of their claims, and Wells Fargo's Motion to Dismiss removes any doubt

18 regarding the viability of Plaintiffs' claims.

19    Plaintiffs' Opposition does little to rebut the arguments set forth in Wells Fargo's Motion,

20 and instead opts to interject factual allegations that are entirely absent from the Complaint, and

21 pleads with this Court to break with precedent and create new, and unfounded case law.  As for

22 the arguments that Plaintiffs actually address, none provide any support for their position that

23 Wells Fargo acted in bad faith or is otherwise subject to any liability.

24    Plaintiffs' sole basis for their claims is that they were unable to secure a modification to

25 the terms of their loan that suited their particular preference.  However, the law does not support

26 such relief, and none of the allegations in the Complaint, combined with the new allegations set

27 forth in Plaintiffs' Opposition, raise Plaintiffs' right to relief above the speculative level as

28 required to survive a motion to dismiss.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1    S.Ct. 1955, 1964 (2007).  Accordingly, Plaintiffs' Complaint should be dismissed in its entirety

2    with prejudice against Defendants.

3    **II.      LEGAL ARGUMENT**

4              **A.      Wells Fargo Is Not Requesting That This Court Apply a "Heightened
                         Pleading Standard" to Plaintiffs' Complaint**
5

6              Plaintiffs are apparently quite dissatisfied with the current venue of this action, namely,

7    the U.S. District Court for the District of Nevada, and refer to Wells Fargo's proper removal of

8    this case as "not equitable, and border[ing] on unethical."  Plaintiffs further argue that they are

9    being held to an improper pleading standard, and believe that the rulings set forth in *Bell Atlantic*

10   *Corp. v. Twombly*, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) create a

11   "heightened pleading standard" that should not be applied to this case.  Plaintiffs, however, set

12   forth no case law or other persuasive authority that would cause this Court to apply a different

13   standard, or find that the standards set forth in *Twombly* or *Iqbal* go beyond what is required by

14   Fed. R. Civ. P. 8(a).

15             To the contrary, this Court has repeatedly held that neither *Twombly* nor *Iqbal* resulted in

16   the application of a "heightened pleading standard" for complaints subject to a 12(b) motion to

17   dismiss.  *See Hays v. Clark County, Nevada, et al*, 2009 U.S. Dist. LEXIS 63772,*3 (D.Nev.

18   2009) (expressly disagreeing that *Twombly* or *Iqbal* imposes a heightened pleading standard).

19   This Court, in *Hays*, stated that the U.S. Supreme Court merely clarified that in order for a claim

20   to be plausible, and therefore survive a motion to dismiss, it "must be more than merely possible

21   or conceivable."  *Id*.  Allegations that are more likely explained by lawful behavior, or do not

22   permit the court to infer more than the mere possibility of misconduct, is inadequate to show

23   entitlement to relief.  *Id*.

24             While Plaintiffs are clearly disappointed with the application of this standard, this Court is

25   bound to follow the precedent set forth in *Twombly* and its progeny.  Additionally, as previously

26   recognized by this Court, *Twombly* does not establish a heightened pleading standard and simply

27   elucidates the proper application of Rule 8(a).  However, under any standard, Plaintiffs' claims

28   fail as a matter of law, and should be dismissed in their entirety.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1

**B.**    **Wells Fargo Is Not Required To Show Standing To Conduct Foreclosure**

2

In making the argument that Wells Fargo has failed to properly show standing to conduct

3 the foreclosure sale of the subject property, Plaintiffs' fail to recognize that Wells Fargo is not the

4 party that is ultimately responsible for exercising the rights of foreclosure in the deed of trust.

5 While Plaintiffs' feign ignorance as to the true party in interest, they are more than aware that

6 Wells Fargo transferred its beneficial interest in the deed of trust to Bank of America in August

7 2009.  *See* Plaintiffs' Opposition, p. 8, lines 15-17.  It is therefore puzzling why Plaintiffs would

8 contend that Wells Fargo is exercising rights under a deed of trust it had previously assigned to

9 another party, and begs the question as to why Plaintiffs have refused to add Bank of America as

10 a party to this action.

11 Whatever Plaintiffs' reasons, the arguments regarding Wells Fargo's standing to conduct a

12 foreclosure sale are misplaced.  As set forth in Wells Fargo's Motion to Dismiss, and further

13 explained during the December 18, 2009 hearing on Plaintiffs' Emergency Motion for

14 Preliminary Injunction, Wells Fargo currently acts as the servicer for Plaintiffs' loan, and retained

15 the servicing rights after it transferred its beneficial interest in the deed of trust to Bank of

16 America.  Nothing in the statute prevents agents, such as Wells Fargo, from acting on behalf of

17 the beneficiary, Bank of America, nor would such an interpretation be appropriate.  It is well

18 settled law that where an agent is acting with authority, his actions bind the principal.  See Dixon

19 v. Thatcher, 103 Nev. 414, 417, 742 P.2d 1029 (1987), Meyer v. Virginia & Truckee R. R., 16

20 Nev. 341, 350 (1881).

21 Additionally, Plaintiffs continue to argue that, because NDSC was not the beneficiary, the

22 successor in interest of the beneficiary or the trustee on June 8, 2009, the recording of the Notice

23 of Default was improper.  Again, as set forth in Wells Fargo's Motion to Dismiss, the Notice of

24 Default indicates, on its face, that it is being recorded by NDSC as agent for Wells Fargo.  It also

25 states that NDSC is either the original Trustee, the duly appointed substituted Trustee or acting as

26 agent for the Trustee or Beneficiary under the Deed of Trust.  Wells Fargo was the beneficiary at

27 the time of the Notice of Default, and thus, NDSC was acting as its agent.

28 NDSC was later substituted in as trustee by the current beneficiary, Bank of America, on

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1    September 10, 2009, and is presently moving forward with the foreclosure action in that proper

2    capacity.  Simply put, the parties are properly and lawfully acting within their capacities as agents

3    for the beneficiary of the deed of trust, and Plaintiffs have failed to raise any allegations that

4    would cast any doubt upon the current foreclosure process.  As such, Plaintiffs' related claims

5    against Wells Fargo fail as a matter of law.

6            **C.      Defendants Complied With The Applicable Statutory Authority and**
             **Plaintiffs' Claims for Wrongful Foreclosure, Injunctive Relief, and**
7            **Declaratory Relief Fail As a Matter of Law**

8            Without actually addressing the case law and statutory references in Wells Fargo's

9    Motion, Plaintiffs conclude, without supporting authority, that substantial compliance with NRS

10   107 is inadequate to establish a valid foreclosure sale.  Plaintiffs then go on to allege that

11   "Defendants have actually postponed, at this point, the sale of the home, via oral notice, more

12   than three times."  *See* Plaintiffs' Opposition, p. 10, lines 8-10.

13          In the Complaint, Plaintiffs allege that the foreclosure sale was postponed three times, and

14   wrongfully argued that this requires a re-notice of the trustee's sale.  *See* Complaint, ¶¶ 33-36.

15   Wells Fargo set forth, in its Motion, that Plaintiffs' interpretation of the applicable statutory

16   authority was incorrect, and that NRS 107.082 clearly states that a sales date, if it has been

17   postponed three times, **cannot be further** orally postponed by the trustee without re-noticing the

18   sale.

19          Now, Plaintiffs are alleging that there were more than three oral postponements, as in

20   addition to the communications made to Plaintiffs' counsel, Plaintiffs themselves were notified

21   orally that the sale had been postponed.  Regardless of the insufficiency of these new allegations

22   to establish a claim for statutory violation, Plaintiffs' attempt to include these new allegations at

23   this point is entirely improper.  Consideration of a motion to dismiss pursuant to Rule 12(b)(6) is

24   limited to the contents of the complaint.  *See Pinhas v. Summit Health, Ltd.* 894 F.2d 1024, 1028

25   (9th Cir. 1989).  This limitation is particularly applicable to Plaintiffs, who cannot now allege

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

- 5 -

1   entirely new factual claims in an attempt to defeat dismissal[1].  Plaintiffs are bound by their

2   allegations in the Complaint, and those allegations are insufficient at this point to support any

3   cause of action.  Therefore, Plaintiffs' claims should be dismissed in their entirety.

4              **D.**        **Plaintiffs Fail To Establish Any Showing of Bad Faith**

5        In response to the extensive line of case law cited by Wells Fargo dealing with the well-

6   settled tender rule, Plaintiffs simply state that Wells Fargo is incorrect in relying on these cases.

7   No supporting case law is cited, and Plaintiffs simply suggest that "[n]ew facts and times require

8   new case law."  However, this Court has all the legal and factual support it needs to dismiss

9   Plaintiffs' claims, and the facts of this case are no different than the hundreds of cases currently

10  clogging this Court's docket.

11       Plaintiffs rest their claims on the allegation that Wells Fargo enticed Plaintiffs into default

12  with promises that Plaintiffs would receive a modified loan.  Given the suspect nature of these

13  claims, it is not surprising that Plaintiffs have no documentary evidence to support this allegation.

14  The lack of documentation is fatal to Plaintiffs' claim, and Plaintiffs must allege more than mere

15  verbal statements to rely upon or enforce these promises.  Oral agreements to modify deeds of

16  trust are subject to the statute of frauds, and courts have recognized that even a forbearance

17  agreement is subject as well.  *See Secrest v. Sec. Nat'l Mortg. Loan Trust*, Cal.Rptr.3d 275, 282-

18  83 (Cal.Ct.App. 2008).  In the absence of a writing, Plaintiffs cannot enforce this alleged promise

19  or otherwise use it to override the established tender rule.  Plaintiffs have failed to set forth any

20  compelling argument to do away with this requirement, and as a result, Plaintiffs' claims are

21  subject to dismissal in their entirety.

22  **II.**      **CONCLUSION**

23       The arguments set forth in Plaintiffs' Opposition affirm the indication that Plaintiffs are

24  attempting to use non-existent and inapplicable legal theories in an attempt to avoid the

25

26  _____

[1] Plaintiffs also argue that the Notice of Default created "substantial confusion as to whom Plaintiffs should work
27  with to cure their default."  *See* Plaintiffs' Opposition at p. 10, lines 15-17.  Plaintiffs' allegation is odd considering
the multiple communications with Wells Fargo set forth in the Complaint, and the lack of any attempted
28  communication with any other party.  Plaintiffs do not allege that they attempted to contact Bank of America, the
current beneficiary of the deed of trust, and Plaintiffs have failed to add Bank of America as a party to this action.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1   consequences of their default.  Therefore, Wells Fargo respectfully requests that the Court dismiss

2   the Complaint against Wells Fargo with prejudice.

3        Dated: January 15, 2010.

4                                          SNELL & WILMER L.L.P.

5

6                                          By:  ___/s/ Andrew D. Sedlock_____
                                                Cynthia A. LeVasseur, Esq.
7                                               Andrew D. Sedlock, Esq.
                                                3883 Howard Hughes Parkway
8                                               Suite 1100
                                                Las Vegas, NV 89169
9
                                               *Attorneys for Defendant Wells Fargo Bank, N.A.*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

- 7 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Snell & Wilmer**
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

## CERTIFICATE OF SERVICE

I the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action.  On this 15th day of January 2010, I caused to be served a true and correct copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT** by method indicated below:

_____    U. S. Mail

_____    U.S. Certified Mail

_____    Facsimile Transmission

_____    Federal Express

___x___    Electronic Service via CM/ECF

and addressed to the following:

Jacob L. Hafter, Esq.
Law Office of Jacob L. Hafter & Assoc.
7201 W. Lake Mead Blvd., Suite 210
Las Vegas, NV 89128

Attorney for Plaintiffs

_____/s/  Jeanne Forrest_____
An employee of Snell & Wilmer L.L.P.

32598.0447\SEDLOCA\SWDMS\11092646

- 8 -