JACOB L. HAFTER, ESQ.
Nevada State Bar No. 9303
MIGUEL LOPEZ, ESQ.
Nevada State Bar No. 11410
LAW OFFICE OF JACOB L. HAFTER & ASSOCIATES
7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
Tel: (702) 405-6700
Fax: (702) 685-4184

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

EDWARD DEMARCO, an individual;
MARIJA LOURDES DEMARCO, an
individual;

        Plaintiffs,

    vs.

WELLS FARGO BANK, N.A.; NATIONAL
DEFAULT SERVICING CORPORATION;
DOE Defendants I through X, inclusive; and
ROE CORPORATIONS A through Z,
inclusive,

        Defendants.

Case No.: 2:09−cv−02305−JCM−LRL

**PLAINTIFFS' EMERGENCY MOTION
FOR TEMPORARY RESTRAINING
ORDER**
_____

Plaintiffs EDWARD DEMARCO and MARIJA LOURDES DEMARCO, by and through their attorneys of the Law Offices of Jacob Hafter & Associates, having filed their complaint in this matter, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, moves this Court for:

    1.    An order TEMPORARILY enjoining Defendants, their agents, employees, attorneys, and anyone acting on their behalf, from engaging in any collection activities against Plaintiffs, foreclosing, pursuing any foreclosure action, taking possession of, transferring any interest in the 6361 LAUREN ASHTON AVENUE, LAS VEGAS, NEVADA 89131, with an

7201 W. Lake Mead Blvd, Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

1   Assessor's Parcel Number of 125-14-510-009 ("Property") or evicting the Plaintiffs or in any

2   other manner interfering with the peaceful enjoyment and possession by these Plaintiffs of the

3   Property; AND

4          2.       Any other relief which this Court may deem appropriate or equitable under the

5   circumstances.

6          Plaintiff respectfully refers the Court to its Memorandum of Points and Authorities, the

7   attached exhibits, affidavits filed herewith, the pleadings and papers on file herein, and any

8   other material this Court may wish to consider.

9          Dated this 29th day of January, 2010.

10                                          LAW OFFICE OF JACOB HAFTER & ASSOCIATES

11

12                          By:     _____

13                                  Jacob L. Hafter, Esq.
                                    Nevada Bar Number 9303
14                                  Michael Naethe, Esq.
                                    Nevada Bar Number 11222
15                                  7201 W. Lake Mead Blvd., Ste 210
                                    Las Vegas, Nevada 89128
16                                  Attorneys for Plaintiff

17

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

7201 W. Lake Mead Blvd, Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

## MEMORANDUM OF POINTS AND AUTHORITIES

On December 18, 2009, this Court heard arguments related to this matter as a result of Plaintiff's request for a preliminary injunction.   At the time, the Court suggested that the evidence does not support a showing that the Plaintiff will prevail on a likelihood of the merits, and therefore, the Court denied such a request.

The issue at hand, for which there was a scant of evidence, was the question of bad faith, fraud or other wrongs caused by the Defendants.   Plaintiff's counsel argued that Plaintiff stopped making their payments based upon numerous statements from Defendant Wells Fargo's representatives that no help could be provided if Plaintiffs were current on their mortgage; when they did stop paying, Wells Fargo then said "ah-ha!," "we gotcha" and have proceeded to foreclose.   Unfortunately, at the time, there was no evidence to support this position in the record before the Court.

Since then, the Defendants have scheduled the Property for sale on February 3, 2010. *See* Exhibit A.   Despite numerous requests to delay this sale while this matter is pending, Defendants refuse, based, in part on an inflated sense of entitlement from the Court's ruling on December 18, 2009.[1]

The fact is that the initial decision of this Court was made before any party had the benefit of discovery.   The record was infantile and scant.   Such should not provide the Defendants with a sense of victory.   Accordingly, Plaintiff has executed a new affidavit.   *See* Exhibit B.   In this new affidavit, it states:

---

[1] Defendants have postponed the sale numerous times, including after the Court ruled on December 18, 2009.  Every time, it was said that the postponement could not occur until 5 days before the sale.  This time, the Defendants portrayed the same routine, however, during a conversation Plaintiff's attorney had today with Andrew Sedlock, Esq., it became obvious that such a postponement would not occur.  Rather than fully briefing this matter, Plaintiff has submitted a bare bones brief that is direct and to the point.  Plaintiff hopes that this Court will understand the brevity of this motion and recognize that such was done to maximize this Court's time to rule on the matter. Should the Court request an additional briefing, Plaintiffs will diligently comply.

7201 W. Lake Mead Blvd., Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES

> On numerous occasions prior to February 1, 2009, my husband and I were told by representatives from the loss mitigation department of Defendants that the only way that we could receive mortgage relief assistance was to be 60 days late on our mortgage payments.

Exhibit B at ¶7.   This affidavit then continues to state how, relying on Wells Fargo's statements, they stopped paying their mortgage and tried to work with them to get relief.   *Id*. Notwithstanding, the Defendants have refused to cooperate with them and are using the fact that the Plaintiffs stopped paying their mortgage to foreclose upon their home.   *Id*.

Now Plaintiffs face the imminent loss of their home.   See Exhibit A.   Defendants should not be rewarded for tricking Plaintiffs into stop paying their mortgage under the guise of assistance.   Accordingly, for these reasons and the reasons set forth in the prior request for injunctive relief, Plaintiffs respectfully request that this Court grant a temporary restraining order preventing the imminent sale of Plaintiff's home.

Dated this 29th day of January, 2010.

LAW OFFICE OF JACOB HAFTER & ASSOCIATES


By:   _____
Jacob L. Hafter, Esq.
Nevada Bar Number 9303
Michael Naethe, Esq.
Nevada Bar Number 11222
7201 W. Lake Mead Blvd., Ste 210
Las Vegas, Nevada 89128
Attorneys for Plaintiff

///
///
///
///
///
///
///

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2010, I, personally, did electronically transmit the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the following CM/ECF registrants:

CYNTHIA ALEXANDER, ESQ.
SNELL & WILMER, LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Attorneys for WELLS FARGO BANK, N.A.

I further mailed a copy via U.S. Mail to

NATIONAL DEFAULT SERVICING CORPORATION.
c/o THE CORPORATION TRUST COMPANY OF NEVADA, Registered Agent
6100 NEIL ROAD SUITE 500, RENO, NV 89511

_____
An employee of the Law Offices of Jacob
Hafter & Associates

7201 W. Lake Mead Blvd, Suite 210
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

JACOB HAFTER
ASSOCIATES