**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDWARD DEMARCO, and individual; MARIJA LOURDES DEMARCO, an individual,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants. | 2:09-CV-2305 JCM (LRL) |

**ORDER**

Presently before this court is plaintiffs Edward Demarco and Marija Lourdes Demarco's motion for temporary restraining order (Doc. #18) against defendants Wells Fargo, N.A. and National Default Servicing Corporation. By way of this motion, plaintiffs request the court to temporarily enjoin defendants from "engaging in any collection activities against [p]laintiffs, foreclosing, pursuing any foreclosure action, taking possession of, transferring any interest in the 6361 Lauren Ashton Avenue, Las Vegas, Nevada 89131, with Assessor's Parcel Number of 125-14-510-009 ("property") or evicting the [p]laintiffs or in any other manner interfering with the peaceful enjoyment and possession" of the property (Doc. #18). Plaintiffs concede that as of June 1, 2009, they have become delinquent on their mortgage payments on the property.

On December 7, 2009, plaintiffs requested this court to grant a preliminary injunction against defendants. (Doc. #4). A preliminary injunction requires that the plaintiffs establish the (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3)

**James C. Mahan**
**U.S. District Judge**

1   balance of equities tipped in plaintiffs' favor; and (4) the injunction be in the public interest. *Winter*
2   *v. Natural Resources Defense Council, Inc.*, - U.S. -, 129 S. Ct. 265, 374 (2008). On December 18,
3   2009, pursuant to a hearing (Doc. #10), this court denied plaintiffs' motion for preliminary injunction
4   because plaintiffs' failed to produce evidence establishing a likelihood of success on the merits.
5   (Doc. #16).

6       Plaintiffs' present motion for temporary restraining order includes plaintiff Marija Lourdes
7   Demarco's newly executed affidavit and a document representing that defendant National Default
8   Servicing Corporation intends to hold a sale for the property on February 3, 2010 at 10:00am. (Doc.
9   #18). Plaintiff Marija Lourdes Demarco's affidavit merely states that she and her husband relied on
10  Wells Fargo's statement suggesting that plaintiffs could receive mortgage relief assistance only if
11  they were sixty (60) days late on their mortgage payments. This statement along with the remaining
12  statements set forth in the affidavit fails to provide any further evidence establishing a likelihood of
13  success on the merits.

14      This court is not inclined to grant a temporary restraining order because the circumstances
15  or evidence have not changed (other than plaintiffs have fallen further into default) since this court
16  denied plaintiffs' previous motion for preliminary injunction.

17      THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs'
18  motion for temporary restraining order (Doc. #18) be, and the same hereby is DENIED.

19      DATED this 1st day of February, 2010.

                                                  **UNITED STATES DISTRICT JUDGE**